UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| OWEN HARTY, Individually,<br><br>          Plaintiff,<br><br>v.<br><br>OAKLAND COMMERCIAL PROPERTIES, LTD., LLLP,<br><br>          Defendant.<br>_____ / | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, OAKLAND COMMERCIAL PROPERTIES, LTD., LLLP, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and has limited use of his hands.

2.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant

owns, operates, leases or leases to is known as Oakland Shopping Center, and is located in the County of Broward.

3.     Venue is properly located in the Southern District because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.     As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator  has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator  was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator  was under an obligation to make such alterations in such a manner that, to the maximum

extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Oakland Shopping Center located at 4101-4199; 4163-4397 N. State Road 7, Lauderdale Lakes, Broward County, Florida has shown that violations exist. These violations include, but are not limited to:

**<u>Violations</u>**

1. Defendant fails to maintain its accessible features and fails to adhere to a policy, procedure and practice to ensure that its goods, services and facilities are accessible to the disabled.

2. An accessible paved path of travel is not provided from the public sidewalk/transportation stop to all buildings on the property and an accessible path of travel is not provided connecting all the buildings at the property. The paths of travel include curb ramps with running slopes greater than 8.3%, curbs without the provision of curb ramps, and unpaved walkways in violation

of 2010 ADAAG Sections 206.2.1; 206.2.2; 302, 303; 402.2; 403; 405.2; 406.1; 406.7.

3. The accessible parking space and access aisle in front of the "Chinese BBQ" has a slope steeper than 1:48. Also, the path of travel from the access aisle leads into the vehicular way and then to an area with a running slope that is steeper than 5% without the provision of handrails or edge protection in violation of 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 502.3.4; 505.2.

4. The accessible parking space and access aisle near Unit #4172 has a slope steeper than 1:48. Also, the path of travel from the access aisle leads into the vehicular way and then to an area with a running slope that is steeper than 5% without the provision of handrails or edge protection in violation of 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 502.3.4; 505.2.

5. The accessible parking space and access aisle near Unit #4177 has a slope steeper than 1:48. Also, the path of travel from the access aisle leads into the vehicular way and then to an area with a running slope that is steeper than 5% without the provision of handrails or edge protection in violation of 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 502.3.4; 505.2.

6. There are numerous additional accessible parking spaces where the paths of travel from the access aisles lead into the vehicular way in violation of 2010 ADAAG Section 502.3.4.

7. The accessible parking space at the NE end of the property requires a person to travel into the path of a parked vehicle in violation of 2010 ADAAG Section 502.3.4.

8. There are numerous tenant spaces throughout the facility with threshold greater than ½" high at the entrances while others have metal door thresholds in violation of ADAAG Sections 303; 404.2.5.

9. A level landing is not provided at the elevator. The slope is greater than 1:48 in violation of ADAAG Sections 305.2; 407.2.1.3.

**TENANT SPACES**

**SHALIMAR GROCERY – 4101 N State Road 7, Lauderdale Lakes, FL 33319**

**Men's Restroom**

10. The toilet compartment is not at least 60" by 59", the compartment door lacks the required pull hardware on both sides and is not self closing, the grab bars and toilet paper dispenser are not located where required in the accessible toilet compartment in violation of 2010 ADAAG Sections 604.7; 604.8.1; 609.3.

11. The rim of the urinal is mounted greater than 17" above the finish floor and the flush control is mounted greater than 44" above the finish floor in violation of 2010 ADAAG Sections 605.2; 605.4.

12. The lavatory faucet requires tight grasping and twisting of the wrist to operate and the bottom edge of the reflecting surface on the mirror is higher than 40"

maximum above the finish floor in violation of ADAAG Sections 309.4; 603.3; 606.4.

**ORIENTAL FOOD MARKET – 4245 N State Road 7, Lauderdale Lakes, FL 33319**

13. An accessible path of travel that is 36" wide is not provided throughout various aisles of the grocery store due to merchandise that obstructs the routes. Accessible features are not properly maintained in violation of 2010 ADAAG Sections 206.2.4; 403.5.1; 28 CFR 36.211.

**Men's Restroom**

14. The centerline of the toilet is more than 18" maximum from the side wall, the toilet paper is not mounted at the required location, the water closet seat height is less than 17" minimum, the rear grab bar is less than 36" long minimum, a trash can obstructs the floor clearance for a side transfer, and the flush control is not mounted on the open side. Accessible features are not properly maintained in violation of 2010 ADAAG Sections 604.2; 604.3; 604.4; 604.5.2; 604.6; 604.7; 28 CFR 36.211.

15. The lavatory faucet requires tight grasping and twisting of the wrist to operate, the soap dispenser bottle requires tight grasping, the lavatory pipes are not properly insulated and the bottom edge of the reflecting surface on the mirror is higher than 40" maximum above the finish floor in violation of ADAAG Sections 309.4; 603.3; 606.4.

## ARIZONA SHOOTING RANGE – 4325 N State Road 7, Lauderdale Lakes, FL 33319

### Men's Restroom

16. The toilet paper dispenses greater than 9" maximum from the front of the water closet in violation of ADAAG Section 604.7.

17. The pedestal lavatory does not allow for the minimum required knee and toe depth in violation of 2010 ADAAG Section 306; 606.2.

18. The paper towels are out of reach range as they are mounted on top of, and not in, the paper towel dispenser. Accessible features are not properly maintained in violation of 2010 ADAAG Sections 308; 309.3; 28 CFR 36.211.

8.    Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

9.    In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10.   The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

11.       Plaintiff is continuously aware of the violations at Defendant's facility and is

aware that it would be a futile gesture to return to the property as long as those

violations exist unless he is willing to suffer additional discrimination.

12.       The violations present at Defendant's facility infringe Plaintiff's right to travel free

of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and

humiliation as the result of the discriminatory conditions present at Defendant's

facility.  By continuing to operate a place of public accommodation with

discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation

and segregation and deprives Plaintiff the full and equal enjoyment of the goods,

services, facilities, privileges and/or accommodations available to the general

public.  By encountering the discriminatory conditions at Defendant's facility, and

knowing that it would be a futile gesture to return unless he is willing to endure

additional discrimination, Plaintiff is deprived of the meaningful choice of freely

visiting the same accommodations readily available to the general public and is

deterred and discouraged from additional travel.  By maintaining a public

accommodation with violations, Defendant deprives plaintiff the equality of

opportunity offered to the general public.

13.       Plaintiff has suffered and will continue to suffer direct and indirect injury as a

result of the Defendant's discrimination until the Defendant is compelled to

comply with the requirements of the ADA.

14.       Plaintiff has a realistic, credible, existing and continuing threat of discrimination

from the Defendant's non-compliance with the ADA with respect to this property

as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit the Oakland Shopping Center not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16.     The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this

discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Oakland Shopping Center to make those facilities readily accessible and useable

to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.
    Respectfully Submitted,

| | Thomas B. Bacon, P.A. |
| | 621 South Federal Highway, Suite Four |

| | |
|---|---|
| | Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>cullen@thomasbaconlaw.com<br>Florida Bar. Id. No. 167853<br><br>By:*/s/ Philip Michael Cullen, III,* |
| | |